## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | | |
|---|---|---|
| MARK KOWACK, | ) | CV 11-95-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES FOREST SERVICE, | ) | |
| an Agency of the United States | ) | |
| Department of Agriculture, and | ) | |
| THOMAS L. TIDWELL, Chief of the | ) | |
| United States Forest Service, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Mark Kowack moves the Court for an in camera inspection of

documents that he claims have been wrongfully withheld from him by the

Defendants under the Freedom of Information Act, 29 U.S.C. § 552. (Dkt # 5).

The Defendants claim they have validly withheld the documents under various

exemptions in the Freedom of Information Act. See Defendants' Response Brief,

2–4 (dkt # 6).

If a federal agency does not disclose information requested under the

Freedom of Information Act, the agency must demonstrate that any responsive

information is exempt from disclosure under the Act. 5 U.S.C. § 552 (a)(4)(B). In

order to meet this burden, agencies commonly submit a "Vaughn Index." See

Vaughn v. Rosen, 484 F.2d 820, 823–25 (D.C. Cir. 1973). In that index, the

agency must "identify each withheld document, describe its contents to the extent

possible, and give a particularized explanation of why each document falls within

the claimed exemption." Yonemoto v. Dept. of Veterans Affairs, 648 F.3d 1049,

1062 (9th Cir. 2011) (citations and internal quotation marks omitted). As the Ninth

Circuit has explained:

> The Vaughn index need not, of course, disclose facts that would
> undermine the very purpose of its withholding, but it should reveal as
> much detail as possible as to the nature of the document, without
> actually disclosing information that deserves protection. If the agency
> is unable to carry its burden with public affidavits, it may attempt to do
> so with in camera affidavits, but only after it has attempted to justify
> FOIA withholdings in as much detail as possible on the public record.

Id. (citations and internal quotation marks omitted).

Here, the Plaintiff asks the Court to bypass the Vaughn Index and proceed

directly to an in camera inspection of the contested documents themselves. While

the Court has discretion to order an in camera inspection, 5 U.S.C. § 552(a)(4)(B),

it will not do so here, where the agency has not yet filed a Vaughn Index. See

Yonemoto, 648 F.3d at 1062. The Court does, however, order the Defendants to

submit a Vaughn Index.

The Defendants ask the Court to set a deadline for their motion for summary

judgment and vacate all deadlines in the Court's July 7, 2011, Scheduling Order (dkt # 4). The Court grants these requests and will reset the deadlines, if necessary, after its review of the <u>Vaughn</u> Index and the motion for summary judgment.

Accordingly, IT IS HEREBY ORDERED that Plaintiff Mark Kowack's Motion for In Camera Inspection (dkt # 5) is DENIED.

IT IS FURTHER ORDERED that Defendants United States Forest Service and Thomas L. Tidwell shall file a public <u>Vaughn</u> Index within thirty (30) days of the date of this Order.

IT IS FURTHER ORDERED that Defendants shall file their motion for summary judgment within thirty (30) days of the date of this Order. Response and reply briefs shall be filed in accordance with the Court's Local Rules.

IT IS FURTHER ORDERED that all deadlines in the Court's July 7, 2011, Scheduling Order (dkt # 4) are VACATED. If necessary, the Court will reset the deadlines following its review of the <u>Vaughn</u> Index and the motion for summary judgment.

Dated this 4th day of October, 2011.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT