IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

MARK KOWACK,

Plaintiff,

vs.

UNITED STATES FOREST SERVICE;
THOMAS TIDWELL, Chief of the
United States Forest Service,

Defendants.

CV 11–95–M–DWM

OPINION and ORDER

The Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, mandates that federal agencies make their records available to the public upon request, subject to nine discretionary exemptions. *Yonemoto v. Dep't of Veterans Affairs*, 686 F.3d 681, 685 (9th Cir. 2011). This case involves the application of FOIA Exemption 6, which provides that an agency may withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Plaintiff Mark Kowack ("Kowack") asked for information from the Forest Service concerning his allegations that his workplace was hostile and that he was "experiencing threats, aggression, and workplace hostility from certain of his co-workers." *Kowack v. U.S. Forest Serv.*, 766 F.3d 1130, 1131 (9th Cir. 2014). I have reviewed in camera

all of the materials submitted by the Forest Service, unredacted, and find that much of what the Forest Service believes should be redacted is not in compliance with the Circuit's decision on appeal in this case. For the reasons set forth below, I am ordering disclosure of more detailed information. That said, the FOIA request here may be an instance where one should be careful in what he asks for. As the Dalai Lama observed, "Remember that not getting what you want is sometimes a wonderful stroke of luck."

## FACTUAL AND PROCEDURAL HISTORY

Kowack is an employee of the Trapper Creek Job Corps Center (the "Center") in Darby, Montana. Kowack claims that in 2008, he began experiencing harassment, threats, and aggressive behavior by some of his co-workers. He says he also feared for the safety of his students. Kowack expressed his concerns to the Forest Service and claims that little action was taken. He notified both Senator Baucus and Forest Service Chief Tidwell, and the Forest Service conducted an investigation. After the investigation was complete, the Forest Service wrote him: "The Misconduct Investigation has been completed and a Report of Investigation has been issued and reviewed by our Employee Relations Specialist. The Investigation did not substantiate the allegations therefore the investigation has been closed."

Kowack was unhappy with the results of the investigation, believing it to be

a "cover up of the Center Director's and management's incompetence and failure to follow Forest Service policies and procedures." As a result, he submitted a FOIA request for "any and all statements, interviews, photos, notes and any other documents that pertain to the 'misconduct investigation.'" The Forest Service was ordered to produce a *Vaughn* index describing the substance of the documents. (Doc. 11.) Upon review of that index, summary judgment was granted in favor of the Forest Service on the grounds that the agency properly withheld portions of the documents under FOIA Exemptions 5 and 6. (Doc. 21.) Kowack appealed that decision. *See Kowack*, 766 F.3d 1130.

The Ninth Circuit remanded the case, holding that the Forest Service's *Vaughn* index did not provide an adequate factual basis for concluding that the disclosure of witness statements or administrative documents fell within the scope of either FOIA's personal privacy exemption, 5 U.S.C. § 552(b)(6), or FOIA's inter-agency communication exemption, 5 U.S.C. § 552(b)(5). *Kowack*, 766 F.3d at 1133-35. Pursuant to that remand order, on January 5, 2015, this Court ordered the Forest Service to file a supplemental *Vaughn* index. (Doc. 27.) On February 4, 2015, the Forest Service complied, filing an affidavit from Sara Sullivan, who is employed in the Forest Service's FOIA office, containing a *Vaughn* index addressing the two classes of documents identified by the Ninth Circuit in its order of remand: witness statements (approximately 21 pages) and administrative

3

documents (approximately 17 pages). (Doc. 28-1.) This disclosure provided an insufficient factual basis to determine whether Exemption 6 was properly applied.[1] (Doc. 33.) As a result, *in camera* review of the documents was ordered. (*Id.*); *see* 5 U.S.C. § 552(a)(4)(B).

## SUMMARY CONCLUSION

Although the Forest Service's supplemental *Vaughn* index correctly identified much of the redacted information as highlighting interoffice or interpersonal issues, *in camera* review reveals that the privacy interests at stake can be protected and the public interest better served by fewer redactions than were used by the agency. Moreover, information in which there is no privacy interest comprises a significant portion of the currently redacted information and must be disclosed without consideration of the public interest.

## ANALYSIS

### I. Exemption 6

Exemption 6 allows an agency to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The purpose of Exemption 6 is "to protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." *U.S. Dep't of State v. Wash.*

---

[1] The Forest Service has indicated it no longer relies on FOIA Exemptions 5 and 7(C) to withhold information in this case. (Doc. 28-1 at ¶ 21.)

4

*Post Co.*, 456 U.S. 595, 599 (1982). Determining whether an agency has properly withheld records or information pursuant to Exemption 6 is a two-step process. *Prudential Locations LLC v. U.S. Dep't of Housing & Urban Dev.*, 739 F.3d 424, 429 (9th Cir. 2013). The first inquiry is whether the documents qualify under the heading of "personnel and medical files and similar files." *Id.* The second inquiry is "whether production of the document, or information contained therein, would constitute a clearly unwarranted invasion of personal privacy." *Id.* (internal quotation marks omitted). In answering the second question, courts "must balance the privacy interest protected by the exemption[] against the public interest in government openness that would be served by disclosure." *Id.* at 430 (internal quotation marks omitted).

Here, the Ninth Circuit has already determined that the 38 pages in question fall within the category of "personnel and medical files and similar files." *Kowack*, 766 F.3d at 1133. However, it concluded the Forest Service provided insufficient information in its initial *Vaughn* index to assess either the privacy interest or the public interest at issue. *Id.* at 1134. In doing so, the Ninth Circuit provided a framework for addressing the privacy interests on remand. It held that the primary individuals involved—the department employees and the center director—"have no privacy interests in preventing the public from knowing about their involvement with the investigation." *Id.* at 1133-34. It further found that

5

witnesses do not have a privacy interest in those statements that "could be disclosed without revealing who made them," but "witnesses *may* have a privacy interest in ensuring that their names aren't associated with specific incidents reported to the investigator." *Id.* at 1134 (emphasis in original). Having examined the record *in camera*, although it is not possible to disclose the entire substance of the witness statements without revealing who made them or implicating other cognizable privacy interests, the Forest Service improperly withheld more of the witness statements and administrative documents than proper under Exemption 6.

## A.    Cognizable Privacy Interest

Because Exemption 6 requires the invasion of privacy to be "clearly unwarranted," this exemption "tilt[s] the balance (of disclosure interests against privacy interests) in favor of disclosure," and creates a "heavy burden" for invoking Exemption 6. *Morley v. Cent. Intelligence Agency*, 508 F.3d 1108, 1128 (D.C. Cir. 2007).   The agency bears the burden of establishing that the balance tips in favor of privacy.  5 U.S.C. § 552(a)(4)(B).  "To withhold information under Exemption 6, an agency must show that '*some* nontrivial privacy interest is at stake.'" *Prudential Locations LLC*, 739 F.3d at 430 (quoting *U.S. Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 501 (1994)) (emphasis in original).  "If only a trivial privacy interest is implicated, then Exemption 6 cannot apply." *Id.*

The Forest Service argues that the privacy interests of the witnesses and the

subjects of their statements are implicated in this case because the witness statements include very candid and somewhat inflammatory comments about co-workers and managers. Due to the perceived offensive nature of these comments, the Forest Service alleges these employees could face retaliation from their colleagues if the redacted information is released and the witnesses' colleagues would be embarrassed by their portrayals in these statements. (Supp. *Vaughn* Index, Doc. 28-1 at 11-12.)

As recognized by the Ninth Circuit, individuals have a privacy interest in being "free from retaliation, harassment, embarrassment, or stigma" and in "keeping personal facts away from the public eye." *Prudential Locations LLC*, 739 F.3d at 431 (internal quotation marks omitted). This includes references to employment history and job performance evaluations. *Dep't of the Air Force v. Rose*, 425 U.S. 352, 376-77 (1976). Nevertheless, this privacy interest is limited to those instances where the embarrassing, shameful, or inciting information is linked to a particular, identifiable individual. *Forest Serv. Emps. for Envtl. Ethics v. U.S. Forest Serv.*, 524 F.3d 1021, 1026 (9th Cir. 2008) [hereinafter *Forest Serv. Emps.*]; *see U.S. Dep't of State v. Ray*, 502 U.S. 164, 175-76 (1991) (holding that disclosure of "highly personal information"—there, "marital and employment status, children, living conditions and attempts to enter the United States"—"constitute[d] only a *de minimis* invasion of privacy" if not "linked

publicly with particular, named individuals"); *Yonemoto*, 686 F.3d at 697 (remanding for a determination of whether disclosure would reveal the individual's identity). What constitutes identifying information is weighed both from the public viewpoint and from the vantage point of those familiar with the mentioned individuals. *Rose,* 425 U.S. at 380. Such information can be in reference to either the "author" or the "subject" of a document, as both can possess cognizable privacy interests. *N.Y. Times Co. v. Nat'l Aeronautics & Space Admin.*, 920 F.2d 1002, 1007-08 (D.C. Cir. 1990) (en banc). The Forest Service's supplemental *Vaughn* index and this Court's *in camera* review reveal that the responsive documents contain some information that would be embarrassing or shameful and/or could potentially lead to retaliation if linked to a particular, identifiable individual. Such privacy interests are cognizable under Exemption 6.

That said, much of the redacted information does not implicate a privacy interest, but merely casts a negative light on the operation of the Center or includes comments and opinions that are not identifying in nature. As there is no privacy interest in such information, it must be disclosed without any consideration of whether there is a countervailing public interest. *Yonemoto*, 686 F.3d at 694 ("If, at step one, the agency fails to establish that disclosing the contested information would lead to the invasion of a non-trivial personal privacy interest protected by Exemption 6, the FOIA demands disclosure, without regard

to any showing of public interest.").

Additionally, there is no cognizable privacy interest in information that references or describes Kowack alone. Exemption 6 cannot be invoked to withhold from a requester information pertaining only to him or herself. *See U.S. Dep't of Justice v. Reporters Comm. For Freedom of Press*, 489 U.S. 749, 771 (1989) [hereinafter *Reporters Comm.*] (citing *Dep't of Justice v. Julian*, 486 U.S. 1, 13-14 (1988)); *Dean v. Fed. Deposit Ins. Corp.*, 389 F. Supp. 2d 780, 794 (E.D. Ky. 2005) ("When the person identified in the document is the person requesting the document, the Court is unable to determine how any potential or realized 'invasion of personal privacy' could possibly be considered 'unwarranted' in this circumstance."). Therefore, there is no cognizable privacy interest in those portions of the documents that reference only Kowack and do not identify others. This information must also be disclosed without any showing of public interest.

## B.    Public Interest

In considering the information in which a cognizable privacy interest exists, "the only relevant public interest under Exemption 6 is the extent to which the information sought would shed light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to." *Forest Serv. Emps.*, 524 F.3d at 1027 (internal quotation marks and alteration omitted). Information "that reveals little or nothing about an agency's own conduct,"

however, is not subject to the same interest. *Reporters Comm.*, 489 U.S. at 773. The question is whether the disclosure would "contribut[e] significantly to public understanding of the operations or activities of the government." *U.S. Dep't of Def.*, 510 U.S. at 495 (internal quotation marks and emphasis omitted).

Kowack insists that the disclosure of the identities of the department employees and managers involved in the investigation and the substance of the witness statements would serve the public interest by shedding light on several varieties of potential agency misconduct in management and issues concerning a negative work environment. *In camera* review shows that much of the content of the witness statements and administrative documents provides insight into the operations and management of the Center. This kind of information sheds light on the Forest Service's performance of its statutory duties and lets the citizens know what their government is up to. *U.S. Dep't of Def.*, 510 U.S. at 497. Disclosure of such information appreciably furthers the public's interest in monitoring the agency's operations and activities in an area where little information has been publicized. *Cf. Forest Serv. Emps.*, 524 F.3d at 1027-28 (concluding that the substantial information already available in the public domain meant the release of the withheld information would not appreciably further the public interest).

However, Kowack has not shown that references to past disciplinary or grievance actions or knowing the identity of the witnesses would contribute

significantly to the substantive information in the statements and administrative documents concerning the manner in which the Forest Service has performed its statutory duties. *Prudential Locations, LLC*, 739 F.3d at 433. To the contrary, release of this information would not appreciably further the public's understanding of the manner in which the Forest Service operates. *Reporter Comm.*, 489 U.S. at 773-74 (distinguishing information that speaks to conduct of individuals from that which speaks to the conduct of the agency). Therefore, there is no public interest in the release of that information and it may be redacted under Exemption 6. Similarly, disclosing a witness's relatively petty comments that do not speak to the workplace environment as a whole reveals nothing about the inner workings of the agency and would likely cause significant embarrassment to both the witnesses and the subjects. *Yonemoto*, 686 F.3d at 698. Such information may be properly redacted pursuant to Exemption 6.

## C. Balancing the Interests

To determine whether releasing certain information "would constitute a clearly unwarranted invasion of personal privacy," the privacy interest in preventing the disclosure of information that would be embarrassing or shameful when connected to particular, identifiable individuals must be balanced against the public interest in understanding the manner in which the Forest Service performed its statutory duties. The challenge in this case is providing a complete and

accurate record of whether the Forest Service, as an agency, acted appropriately under the circumstances. *See Stern v. Fed. Bureau of Investigation*, 737 F.2d 84, 92 (D.C. Cir. 1984) (noting "the public may have an interest in knowing that a government investigation itself is comprehensive, that the report of an investigation released publicly is accurate, that any disciplinary measures imposed are adequate, and that those who are accountable are dealt with in an appropriate manner"). That challenge is even greater because the substantive content of the witness statements and summaries has never been disclosed. *Cf. Hertzberg v. Veneman*, 273 F. Supp. 2d 67, 87 (D.D.C. 2003) (concluding no public interest in the disclosure of the requested information—i.e. the names, addresses, and telephone numbers of the witnesses—when the substantive content of the witness statements had already been disclosed to the plaintiff).

Here, the disclosure of certain personal information is necessary to provide an accurate picture of the agency's conduct. To the extent the information may be disclosed without identifying the witness, revealing references to past disciplinary or grievance actions, or exposing petty interoffice commentary, the public interest in its disclosure outweighs the countervailing privacy interest because it does, as the Ninth Circuit so suggests, speak directly to the public understanding of the operations or activities of the agency. *See Kowack*, 766 F.3d at 1134 ("For all we know, the witness statements reveal that the Trapper Creek Center is run by

dangerous bullies who shouldn't be allowed anywhere near disadvantaged youth."). Under these circumstances, the invasion of the individuals' personal privacy is not "clearly unwarranted." The public interest in disclosing most of the substantive content of the witness statements and the summaries is only strengthened by the divergent conclusions one could draw from reviewing the redacted and unredacted documents. Accordingly, the reasonably segregable portions of the record must be disclosed. 5 U.S.C. § 552(b); *see Rose*, 452 U.S. at 381 (noting that "redaction cannot eliminate all risks of identifiability, as any human approximation risks some degree of imperfection").

## II. Application

The Court's *in camera* review is limited to the 38 responsive pages discussed in the order of remand; this includes 21 pages of witness statements and 17 pages of administrative documents.[2] Attached to this Order is an appendix for the Forest Service, which highlights what information may be properly redacted consistent with the reasoning discussed here. In reaching this conclusion, the content of the witness statements and administrative documents was considered in the context of three categories: (1) information in which there is no privacy interest (must be disclosed); (2) information in which there is a privacy interest, but no public interest (may be redacted); and (3) information in which the privacy

---

[2]     This does not include the Transmittal Email, which is discussed in Section II(B)(2) below.

interest and the public interest must be balanced (sometimes subject to redaction, sometimes not). Although the information in the third category may appear paltry or of little public significance when considered independently, it nevertheless plays an important role in providing a balanced and more complete picture of the operation of the Center and the propriety of the agency's actions in this case.

### A. Witness Statements

#### 1. Witness Statement No. 1 (5 responsive pages)

The supplemental *Vaughn* index states that this is a witness statement from a low-level Forest Service employee, and that the redacted portion includes names of other employees, witnesses, and students and "contain[s] the witness'[s] unfavorable, detailed opinions of management and colleagues." (Doc. 28-1 at 8.) *In camera* review shows that the Forest Service redacted more information than may be properly withheld pursuant to Exemption 6.

##### a. Page 1

As a preliminary matter, the witness statements each contain a disclaimer at the beginning that they were given with the knowledge that they are "not confidential." Although this arguably dissipates the witnesses' privacy interest in not being identified with their statements, *cf. Ray*, 502 U.S. at 177 (finding the fact the interviews were conducted pursuant to assurances of confidentiality significant in consideration of privacy interest); *Prudential Locations LLC*, 739 F.3d at 432-

33 (same), the existence of a non-trivial privacy interest, however minimal, outweighs a non-existent public interest, *Kowack*, 766 F.3d at 1136; *U.S. Dep't of Def.*, 510 U.S. at 501. Therefore, the inclusion of this language at the beginning of each witness statement does not foreclose the existence of a cognizable privacy interest and a potentially justified redaction.

The following information on the first page was properly redacted because there is an identifiable, non-trivial privacy interest and no public interest in its disclosure: witness's name/initials[3] (¶¶ 1, 2), witness's job description (¶ 2), and students' names (¶ 4). On the other hand, the following information must be disclosed with no consideration of the public interest because there is no privacy interest in preventing its disclosure: reference to assignment to the Center (¶ 2) and general comments about the students and the work environment[4] (¶¶ 2, 3). *Yonemoto*, 686 F.3d at 694.

There it both a cognizable privacy interest and a public interest in the remaining information on the first page. In paragraph 4, the witness recounts

---

[3]     Due to their identifying nature, witnesses' initials were properly redacted from all the witness statements.

[4]     The Forest Service's redaction method is particularly concerning where it relies on Exemption 6 to redact solely negative information, even if there is no privacy interest in the information. For example, the Forest Service left unredacted: "I do not believe that I work in an environment that is violent, or threatening," but redacted: "but, it is a work place that is uncomfortable at times and does exhibit some negative overtones." Similar redactions occur throughout the witness statements and the administrative documents. The Forest Service may not rely on Exemption 6 to protect from disclosure information that does not implicate a privacy interest, even if the information casts a negative light on the agency.

knowledge and observations regarding student interactions with Kowack. Portions of this commentary implicate the witness's privacy interest because there is the potential that the context of the incidents may by identifying. This slight interest in preventing indirect identification must be balanced against the countervailing public interest in knowing how staff behaved around students and the agency's knowledge of such behavior. This public interest can be served by disclosing those portions of the paragraph that are least likely to allow for identification of the witness yet adequately describe the interactions. The Forest Service must limit its redactions accordingly.

### b.    Page 2

The following information was properly redacted because there is an identifiable, non-trivial privacy interest in preventing its disclosure and no countervailing public interest: petty commentary about co-workers that would be embarrassing if disclosed (¶¶ 1, 2) and a reference to disciplinary action (¶ 1). *Yonemoto*, 686 F.3d at 698; *Rose*, 425 U.S. at 376-77. On the other hand, the following information must be disclosed with no consideration of the public interest because there is no privacy interest in preventing its disclosure: commentary about Kowack that does not specifically identify or reference anyone else (¶ 1) and general commentary about how the Center is managed (¶ 2). *Reporters Comm.*, 489 U.S. at 771; *Yonemoto*, 686 F.3d at 694.

The public and privacy interests must be balanced to determine the disclosure of the remaining information on this page. Much of the first paragraph discusses management and its approach to dealing with human resources issues. To the extent there is a privacy interest in the information, i.e., that it is either embarrassing or shameful, that privacy interest is outweighed by the public interest in knowing how the agency has addressed, or potentially mishandled, supervisory issues and concerns regarding a hostile and negative work environment. Moreover, the management employees discussed by the witness, Linda Guzik, the Center Director, and Prentis Wofford, the supervisor of the Education Department, potentially have lesser personal privacy interests than lower-level employees. *Cf. Forest Serv. Emps.*, 524 F.3d at 1025 (noting that lower-level employees have a stronger privacy interest than "senior officials").

In her role as Center Director, Guzik oversees approximately 70 staff members and 224 students. Guzik has supervisory authority and special responsibilities, traits consistent with those of employees designated as higher-level employees by courts in FOIA actions. *See Dobronski v. Fed. Commc'n Comm'n*, 17 F.3d 275, 280 n.4 (9th Cir. 1994) (concluding an assistant bureau chief for the Federal Communications Commission's Private Radio Bureau was a high-level employee because he "holds a position of relative influence"); *Chang v. Dep't of Navy*, 314 F. Supp. 2d 35, 44-45 (D.D.C. 2004) (holding that the

commander of a ship was a high-level employee). As a higher-level employee, Guzik's privacy interests are dissipated to a greater degree than her lower-ranking colleagues. In light of this fact, when balancing the public interest against Guzik's privacy interest in statements made about her in her capacity as a manager, the scale is tipped more in favor of disclosure.

Wofford, on the other hand, is the supervisor for the Education Department and oversees approximately 8 people. Although this likely places Wofford in a higher-level role than a firefighter, *Forest Serv. Emps.*, 524 F.3d at 1025-26, or a line agent, *Hunt v. Fed. Bureau of Investigation*, 972 F.2d 286, 289-90 (9th Cir. 1992) (noting that line agents had "no supervisory authority" and "no special responsibilities), he does not appear to have "final decision making authority" and may be more accurately described as "simply [an] administrative lackey[]," *Covington & Burling v. Food & Nutrition Serv. of U.S. Dep't of Agric.*, 744 F. Supp. 314, 323 (D.D.C. 1990). Therefore, Wofford's privacy interests, unlike Guzik's, are not appreciably diminished. This does not mean, however, that the public interest in knowing about the operations of the Center, especially its managerial aspects, does not outweigh his privacy interest in many instances. As a result, statements referring to Wofford and Guzik in their supervisory and managerial capacities must largely be disclosed throughout the witness statements and administrative documents.

Finally, the first paragraph relays an incident between Kowack and a co-worker. Although Kowack does not have a privacy interest to be protected, the co-worker retains his or her privacy interest in that disclosure of the information would be potentially embarrassing. Additionally, including certain information would have the indirect effect of identifying the witness. Nevertheless, there are reasonably segregable portions of this paragraph that would not inadvertently identify the witness; these portions of the statement were improperly redacted.

### c. Page 3

The information that was properly redacted from this page includes content in which there is a cognizable privacy interest, but no public interest, such as petty commentary about a fellow employee that is embarrassing but has no implications for the work environment or the operation of the agency as a whole (¶ 1), specific incidents and opinions that would identify the witness (¶¶ 1, 2), the personal family information of a fellow employee (¶ 1), and references to a past grievance and disciplinary action (¶¶ 1, 3).

The remaining information on this page must be disclosed. This includes information in which there is no privacy interest, which is limited to commentary about Kowack and the Center that does not identify any other individuals (¶¶ 2, 3). This also includes references to management and the relationship between management and the work environment (¶ 1). The public interest in this

information outweighs the privacy interests of the management personnel described in the statement despite the fact some of the information is potentially embarrassing or casts a negative light on their actions.

### d.    Page 4

The only information that was properly redacted is a reference to specific disciplinary action (¶ 1), descriptions of events and interactions that would identify the witness but do not shed light on the conduct of the agency (¶ 1), and an identifying statement about employment (¶ 3). A majority of the fourth page implicates no privacy interest and must be disclosed with no consideration of the public interest. *Yonemoto*, 686 F.3d at 694. The content that falls into the this category describes Kowack without identifying the witness or anyone else (¶¶ 1, 2, 3) or generally describes the work environment at the Center (¶¶ 2, 3).

### e.    Page 5

The only information on the last page that has been properly redacted on personal privacy grounds are a co-worker's name, the date, and the witness's signature. The remaining information on this page either does not implicate a privacy interest or to the extent the information is embarrassing to others, it speaks directly to the public interest in understanding and monitoring the agency's actions. It must be disclosed.

### 2.    Witness Statement No. 2 (3 responsive pages)

According to the supplemental *Vaughn* index, this statement is also provided by a low-level employee and the redacted information includes names of witnesses, employees, and managers, the "witness'[s] opinions criticizing the co-worker and management," a discussion regarding arguments with co-workers, and references to disciplinary procedures. (Doc. 28-1 at 8-9.) The information provided in, and redacted from, Witness Statement No. 2 is very similar to that discussed in the context of Witness Statement No. 1.

### a. Page 1

On the first page of the statement, the witness's name (¶¶ 1, 2), job description (¶ 2), and reference to past disciplinary action were properly redacted (¶ 5). On the other hand, the witness's general observations about Kowack and the Center must be disclosed as there is no privacy interest at stake (¶¶ 4, 5). In weighing the public interest in disclosure against the privacy interest at stake in the remaining information, a few phrases that would identify the witness and in which there is little to no public interest may be properly redacted (¶ 4). In paragraph 5, the witness's recall of an incident must be partially disclosed insofar as that disclosure does not identify the witness.

### b. Page 2

The second page of this witness statement continues the description of a specific incident and may be partially redacted to protect the identity of the

witness (¶ 1).  Additionally, the description of another incident may be redacted from paragraph 1 for the same reason.  The following information may also be redacted from this page: references to disciplinary/grievance actions (¶¶ 1, 4) and statements that would identify the witness if revealed and in which there is little public interest (¶ 1).  The remaining information must be disclosed because there is either no privacy interest to be protected (¶¶ 1, 2, 5) or the public interest in understanding the operation of the Center outweighs any potential privacy interests held by those being described (¶¶ 3, 4).  That information speaks directly to the work environment of the Center, management's actions, and a training provided at the Center to address workplace issues.

### c.      Page 3

On the final page, the witness's signature and the date were properly redacted, as well as a description of who attended the training.  The remaining information must be disclosed because it only references Kowack and does not identify the witness.

### 3.      Witness Statement No. 3 (3 responsive pages)

The supplemental *Vaughn* index describes the third witness as a low-level employee.  It also describes the redaction of names, detailed passages describing "verbal altercations and arguments among employees," "passages containing the witness'[s] unfavorable opinions about a particular employee and that employee's

responses to arguments in the workplace," and "passages that describe this particular witness'[s] attitude about the workplace." (Doc. 28-1 at 9.) As in the situations above, *in camera* review reveals that much of the information does not give rise to a privacy interest. To the extent it does, the witness's opinions generally have bearing on the issues of workplace violence and a negative workplace culture, outweighing all privacy interests except those that identify the witness or specific disciplinary action.

### a.    Page 1

On the first page, the witness's name (¶¶ 1, 2), job description (¶ 2), dates of employment (¶ 4), description of organizational relationship with other employees (¶ 4), reference to disciplinary action (¶ 4), and recount of a specific incident that would identify the witness (¶ 4) were properly redacted pursuant to Exemption 6. The remaining information on the first page generally describes the work environment and, to the extent it provides specific information about a fellow employee, that information speaks directly to the issue of a negative work environment, so it must be disclosed (¶ 4). Additionally, the incident described and the identities of the individuals involved have already been disclosed in other portions of the record, dissipating any privacy interest in non-disclosure. *Cf. Am. Civil Liberties Union v. Fed. Bureau of Investigation*, 429 F. Supp. 2d 179, 193 (D.D.C. 2006) (noting that the FBI's failure to redact an individual's name from

other portions of the record disclosed dissipated his privacy interest in preventing disclosure of his name elsewhere).

### b.    Page 2

The only information on the second page that was properly withheld is the witness's description of a past grievance (¶ 2), a specific statement the witness overheard (¶ 2), and the entirety of paragraph 3 because it is identifying in nature. The remaining information must be disclosed as it speaks to the work environment as a whole, the negative relationships between co-workers that has contributed to this environment, and the workplace training.

Although some of the phrases reference a colleague by name and that colleague has a privacy interest in not being embarrassed or shamed in those statements made about him or her, that interest is outweighed in this instance by the public interest in understanding the factors that contributed to the workplace environment that lead to the investigation. There is little to no public interest in knowing the actual identity of the person merely for the purpose of knowing who he or she is. However, the individual's identity is relevant, and arguably necessary, to provide a more balanced and complete picture of the work environment because it highlights the non-systemic nature of the issues faced at the Center. That picture, just as much as negative information about the Center, informs the public about what their government is up to.

### c.    Page 3

This page contains only the signature block of the investigator, which has already been disclosed.

### 4.    Witness Statement No. 4 (4 responsive pages)

According to the supplemental *Vaughn* index, the information redacted from the fourth witness statement included names, "the witness'[s] detailed accounts of the verbal conflicts among [] employees," references to disciplinary actions, and "the witness'[s] personal opinions of employees involved in these arguments, some of which are unflattering." (Doc. 28-1 at 10.) The Forest Service redacted more information than was proper under Exemption 6.

### a.    Page 1

The following information on the first page was properly redacted because a privacy interest exists in preventing its disclosure and there is no countervailing public interest: witness's name (¶¶ 1, 2), job description (¶ 2), and two references to past disciplinary action (¶¶ 5, 6).  On the other hand, the witness's general observations about the Center (¶¶ 2, 4) must be disclosed because there is no privacy interest at stake.  The witness's privacy interest in not being identified with the statement and the privacy interest of those individuals mentioned by name in paragraph 4 outweigh the minimal public interest in the information conveyed in much of that paragraph.  That information may be redacted.  However, the

witness's rendition of an incident that occurred between other employees in paragraph 5 must be disclosed because it does not implicate the identity of the witness and, to the extent it identifies others, it does so only to the extent such information has already been disclosed elsewhere in the record (i.e., the summary of Kowack's statement). *See Am. Civil Liberties Union*, 429 F. Supp. 2d at 193. The final sentences of paragraph 5 may be redacted, however, as their content identifies the witness, outweighing the minimal public interest in the information.

### b. Page 2

The second page includes a description of a specific incident where the identities of those involved have already been disclosed by the Forest Service in other portions of the record. While this information must be disclosed, the portions of paragraphs 1 and 2 that describe past disciplinary or grievance actions and two phrases in paragraph 1 that are petty commentary about a co-worker would add very little to the public's understanding of the agency's conduct so were properly redacted. Additionally, portions of paragraphs 3 and 4 may be redacted because they either indirectly identify the witness or implicate another employee who retains a privacy interest in the information. The public interest in that information is minimal and is outweighed by these privacy interests.

That said, a portion of paragraph 3 and one sentence in paragraph 2 that discuss a co-worker do so in the context of the workplace environment and the

26

potential allegations of workplace hostility, in which there is a greater public interest. Although the employee may be embarrassed by the information contained in this portion of the statement, that privacy interest is outweighed by the public interest in understanding the context of the investigation. That information, to the extent it is reasonably segregable, must be disclosed. Much of the information in paragraph 4 must be disclosed because it merely identifies parties in a context they have already been identified in other parts of the record; any privacy interest in that information has dissipated.

### c.    Page 3

Paragraph 1 on the third page must be disclosed in its entirety because no privacy interests are implicated in this paragraph. To the extent the paragraph identifies non-Education Department employees, it does so only to the extent they have been identified elsewhere in the record. Because no further information about them is provided, revealing their identity in this context does not amount to an unwarranted invasion of their personal privacy. Much of the information in paragraph 2 implicates both a privacy interest and a public interest as it regards another person's opinions and commentary about Kowack that are potentially identifying in nature. To the extent those opinions or commentary would identify either the witness or the other person, they may be redacted. However, much of the remaining information speaks directly to the workplace environment and

potential threats Kowack may pose to others. The public interest in this information is high, and it must be disclosed.

The general information and commentary regarding Kowack must be disclosed (¶¶ 3, 4, 6), redacting only those portions of the summary that names non-Education Department employees or employees that have not been previously identified in conjunction with the investigation (¶ 3) or where the context of the statement would identify the witness (¶¶ 4, 6). Paragraph 5 must be disclosed in its entirety because there is no cognizable privacy interest in preventing the public from knowing how the Center performed relative to other centers.

### d.    Page 4

Most of the information on this page must be disclosed, as the information does not implicate the privacy interests of any other individuals, but redacting only the fourth and fifth sentences because they would identify the witness.

### 5.    Witness Statement No. 5 (3 responsive pages)

The supplemental *Vaughn* index describes the fifth statement as a low-level Forest Service employee. The redacted information includes names, "the witness'[s] opinions about the verbal conflicts among this small group of employees," and unfavorable opinions about a specific employee. (Doc. 28-1 at 10.) Having reviewed this statement *in camera*, some of this information has been improperly withheld under Exemption 6.

### a.    Page 1

On the first page, the witness's name (¶ 1, 2), job description (¶ 2), and references to a co-worker who is not in the Education Department (¶¶ 2, 4, 5, 6) were properly withheld. The Forest Service properly disclosed all the remaining information on this page.

### b.    Page 2

On the second page, the witness's description of Kowack must be disclosed because there is no privacy interest at stake (¶¶ 2, 4). Only the information that identifies the witness, such as specific conversations the witness had and descriptions of the witness's actions, was properly redacted (¶¶ 2, 4).

### c.    Page 3

On the final page, the witness's signature and the date were properly redacted and the remainder of the information on that page, the investigator's signature block, properly disclosed.

### 6.    Witness Statement No. 6 (3 responsive pages)

According to the supplemental *Vaughn* index, the final witness statement is by a low-level Forest Service employee, and the redacted information includes names, "the witness'[s] opinions about verbal conflicts among this small group of employees," and unfavorable opinions about a specific employee. (Doc. 28-1 at 11.) *In camera* review reveals that the Forest Service redacted more information

from this statement than was proper under Exemption 6.

### a. Page 1

On the first page, the witness's name (¶¶ 1, 2), job description (¶ 2), and references to a co-worker who is not in the Education Department (¶¶ 3, 5, 6, 7) were properly withheld. The remaining information must be disclosed. This includes a majority of paragraph 7, which references Kowack alone.

### b. Page 2

On the second page, references to a co-worker who is not in the Education Department (¶¶ 2, 4) were properly withheld. The remaining information on this page must be disclosed. The witness recounts an interaction between Kowack and another employee that has been disclosed elsewhere in the record and would not identify the witness if disclosed in this context (¶ 1). Finally, the content of paragraph 2 references what management was told about potential work environment issues and employee concerns. There is a public interest in this information because it reflects on the agency's conduct in this situation. To the extent the witness identifies management or other employees, their privacy interest in not being identified is outweighed.

### c. Page 3

The only information on the page, the investigator's signature block, has already been disclosed.

### B. Administrative Documents

#### 1. Assessment Report (2 and 13 responsive pages)

As is the case with the witness statements, the Forest Service has redacted more information from the Assessment Report than may be properly withheld pursuant to Exemption 6. The Report summarizes the witness statements, and therefore, the analysis above applies equally to the analysis below.

##### a. Page 1

In reference to the individuals that were interviewed, the Ninth Circuit held on remand that the department employees and the Center Director do not have a privacy interest in preventing the public from knowing about their involvement in the investigation. *Kowack*, 766 F.3d at 1133-34. Therefore, only the last two names under "Individuals Interviewed" may be redacted and none of the names included in the paragraph explaining who was interviewed (¶ 5) during the investigation may be withheld. (Doc. 35 at 24.)

##### b. Page 2

On the second page, the name of the individual giving the statement may be properly redacted from paragraphs 1 through 8, but general information about the workplace environment and other employees must be disclosed. (*Id.* at 25.) Most of paragraphs 6 and 8 must be disclosed because with the witness's name redacted, there is no privacy interest in the remaining information in all of paragraph 6 and

most of paragraph 8. The portions of paragraph 8 that implicate privacy interests of individuals described therein may be properly redacted to prevent identification of the witness, but the rest of the information must be disclosed. Paragraphs 9, 10, and 11 were already properly disclosed as they summarize Kowack's statements (this includes the first paragraph on page 3 as well).

### c.  Page 3

On the third page, the names of the witnesses whose statements are being summarized were properly redacted from paragraphs 2, 3, and 5-11. (*Id.* at 26.) The only other information that was properly withheld describes a specific interaction between two individuals that would identify the witness (¶ 3). The rest of the page, including three sentences in paragraph 3, must be disclosed.

### d.  Page 4

On the fourth page, the names of the witnesses whose statements are being summarized were properly redacted from paragraphs 1, 4, 5, and 7-10. (*Id.* at 27.) The Forest Service properly disclosed paragraphs 2 and 3, which summarize Kowack's statements. Paragraph 5 was properly redacted because it references a specific conversation that the witness had, which is identifying in nature. In paragraph 8, the identity of the witness and a student and a specific action taken by the witness were properly redacted. In paragraph 9, the witness's petty commentary about a co-worker and the name of the co-worker were properly

redacted. This information would be embarrassing and there is no public interest in its disclosure. However, the Forest Service improperly withheld portions of a summary that reflect on Kowack's interaction with students and other employees, highlighting concerns about the workplace. This information speaks directly to the management and environment of the Center and the impact it may be having on young adults who go there. This information must be disclosed (¶¶ 9, 10).

### e. Page 5

On the fifth page, the names of the witness whose statement is being summarized was properly redacted from every paragraph. (*Id.* at 28.) The portions describing an interaction between employees must be partially disclosed to the extent it does not identify the witness (¶ 1), however, as it has already been disclosed by the Forest Service elsewhere, the privacy interest the individuals have in not being associated with that incident have dissipated and there is a public interest in disclosure. The witness's petty commentary about a co-worker and reference to specific disciplinary action were properly redacted for lack of public interest (¶ 1). The entire second paragraph was properly redacted as it contains opinions that identify the witness, as well as the witness's petty commentary about fellow co-workers. In the third, fifth, and sixth paragraphs, the witness's name was properly redacted. The entire fourth paragraph was properly redacted as it describes an interaction that identifies the witness.

### f.     Page 6

On the sixth page, the witnesses' names (¶¶ 1-7), descriptions of incidents involving the witnesses (¶¶ 1, 7), opinions that identify the witness (¶¶ 2, 6), and references to disciplinary action (¶ 2) were properly redacted. (*Id.* at 29.) The name of a co-worker was also properly redacted from paragraph 3, because disclosure of the name would result in embarrassment and there is no public interest in knowing that individual's identity. The final paragraph on page 6, and the first paragraphs on page 7, (*id.* at 30), may be properly redacted in part to prevent identification of the witness as they recount specific incidents.

### g.     Page 7

The majority of this page was properly redacted to prevent identification of the witness. However, some of the information speaks to the work environment (¶¶ 3, 4, 5, 7), and the content of paragraph 3 directly relates to potential safety concerns surrounding students. This information must be disclosed.

### h.     Page 8

On the eighth page, the names of the witness whose statement is being summarized was properly redacted from each paragraph. (*Id.* at 31.) The only other information properly redacted from this page includes statements describing the relationship between the witness and fellow employees (¶ 1), specific disciplinary or past grievance action (¶¶ 1, 3), and the witness's recount of

conversations he or she had or overheard (¶ 3). Paragraph 5 may be properly redacted in its entirety as the opinions discussed therein identify the witness. The remaining information on this page must be disclosed.

### i. Page 9

The Forest Service improperly redacted almost the entirety of page 9. (*Id.* at 32.) The page includes numerous references to general workplace behavior and commentary about the workplace environment in which there is no privacy interest (¶ 1) and where the public interest in disclosure outweighs any existing privacy interests (¶¶ 4, 5, 6, 7). This page also describes two specific incidents between two employees that led to workplace hostility. The public interest in disclosure of this information outweighs the individuals' privacy interest in not being connected with this incident, which has been dissipated by previous disclosure of their involvement (¶¶ 4, 6). The content discussing disciplinary actions was properly redacted, (¶¶ 4, 5, 6, 7), as were phrases that identify the witness through either context or content (¶¶ 3, 4). Certain phrases were also properly redacted due to the privacy interest of the individual described and the low public interest in the information provided in those instances (¶¶ 1, 3, 6).

### j. Page 10

On page 10, those phrases in paragraph 1 that implicate privacy interests of a staff member but have bearing on the workplace environment must be disclosed.

(*Id.* at 33.) The portions of that paragraph that either identify the witness or have little to say about the workplace environment or the investigation were properly redacted. The witness's name was properly redacted from each paragraph. The witness's description of Kowack that does not identify the witness must be disclosed as there is little to no privacy interest in that information (¶¶ 3, 5). However, the witness's conversations with others may be redacted to prevent identifying the witness (¶¶ 4, 5). There is no privacy interest in a general description of how the Center performed relative to other job corps locations, this information must be disclosed (¶ 6). Additionally, the witness's conclusions about the working environment and the Center must be disclosed as they are not identifying in nature (¶ 7).

### k.    Pages 11, 12, 13, 14 and 15

The first paragraph on page 11 was properly redacted to prevent identification of the witness. (*Id.* at 34.) The remainder of page 11, and pages 12, 13, 14, and most of 15 were properly disclosed as they summarize Kowack's statement. (*Id.* at 34-38.) The only content properly redacted from page 15 are references to the witnesses' names and one reference to a job title. (*Id.* at 39.) The remaining information on this page must be disclosed. The additional sentence redacted by the Forest Service in paragraph 5 must be disclosed as the same information has been disclosed elsewhere in the record and the public interest in

understanding the steps the Forest Service took to address operational issues outweighs any remaining privacy interest.

### 1. Page 16

Most of the first paragraph on page 16 must be disclosed because it references information in which there is no privacy interest and recounts an interaction between employees identified elsewhere in the record already disclosed. (*Id.* at 39.) The only phrases properly redacted from page 16 are those referencing the witness by name and a description of a specific conversation that is identifying in nature (¶ 1). The rest of page 16 was must be disclosed.

### 2. Transmittal Email Message (1 responsive page)

The transmittal email message was not included in the documents submitted to the Court for *in camera* review. However, the supplemental *Vaughn* index provides sufficient information on the redactions in this document that review of the unredacted version is unnecessary. The Forest Service has indicated the only information redacted from this document was the cell phone numbers of the Employee Relations Specialists assigned to handle the workplace violence investigation. (Doc. 28-1 at 14.) Disclosure of these numbers would do nothing to further educate the public about the operations of the Center. *See Forest Serv. Emps.*, 524 F.3d at 1028 (holding no public interest in release of identities of employees involved in investigation where the only way the public could benefit

would be if the public used the information to contact the employees directly). This information was properly redacted.

### 3. List of Exhibits (1 responsive page)

The final document in question is a list of exhibits. (Doc. 35 at 40.) The names of the witnesses are properly redacted. Even though many of the witnesses do not have a privacy interest in preventing their identity from being associated with the investigation as a whole, disclosing their names in this index identifies them with their respective statements. Therefore, the witnesses' names may be redacted from the list. The only other information redacted from the list references individual disciplinary action, in which there is no public interest.

## III. Attorney's Fees

FOIA provides for reasonable attorney's fees and other litigation costs "reasonably incurred in any case . . . in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). In light of the this Order, the parties are required to brief this issue.

### CONCLUSION

Accordingly, IT IS ORDERED that the Forest Service provide a less-redacted version of the relevant documents to Kowack on or before July 8, 2015, consistent with this reasoning.

IT IS FURTHER ORDERED that each party must file a brief on the

question of attorney's fees on or before June 29, 2015. Briefs are not to exceed ten (10) pages.

Dated this _16th_ day of June, 2015.

Donald W. Molloy, District Judge
United States District Court